1    SEYFARTH SHAW LLP
     Jamie C. Pollaci (SBN 244659)
2    jpollaci@seyfarth.com
     Jennifer Gentin (SBN 146888)
3    jgentin@seyfarth.com
     2029 Century Park East, Suite 3500
4    Los Angeles, California 90067-3021
     Telephone:  (310) 277-7200
5    Facsimile: (310) 201-5219

6    Attorneys for Defendants
     THE HERTZ CORPORATION and HERTZ
7    TRANSPORTING, INC.

8

9

        UNITED STATES DISTRICT COURT

        CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA VENCES, | Case No.  8:23-cv-472 |
|         Plaintiff, | **NOTICE OF REMOVAL BY DEFENDANTS THE HERTZ CORPORATION AND HERTZ TRANSPORTING, INC.** |
|    v. | |
| HERTZ TRANSPORTING, INC.; THE HERTZ CORPORATION; and DOES 1 through 100, inclusive, | [Orange County Superior Court Case No. 30-2023-01306687-CU-WT-CJC] |
|         Defendants. | *[Concurrently filed with Civil Case Cover Sheet; Notice of Interested Parties; Corporate Disclosure Statement; and Declarations of Jennifer Gentin and Ivonne Cabada]* |
| | Complaint Filed:  February 8, 2023 |

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.    BACKGROUND ................................................................................... 1

II.   TIMELINESS OF REMOVAL ............................................................. 2

III.  DIVERSITY JURISDICTION .............................................................. 2

IV.  DIVERSE CITIZENSHIP OF THE PARTIES ..................................... 2

    A.    Plaintiff is a Citizen of California ............................................. 2

    B.    Defendants Are Not Citizens of California ................................ 3

    C.    Doe Defendants May Be Disregarded ........................................ 4

V.   AMOUNT IN CONTROVERSY .......................................................... 4

    A.    Plaintiff's Individual Claims Exceed $75,000 .......................... 6

        1.    Compensatory Damages .................................................. 6

        2.    Emotional Distress Damages ........................................... 8

        3.    Attorneys' Fees and Costs .............................................. 8

        4.    Punitive Damages ............................................................ 9

VI.  VENUE ............................................................................................... 10

VII. SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT ............................................... 10

VIII. PRAYER FOR REMOVAL ............................................................... 11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Conrad Assocs. v. Hartford Accident & Indemnity Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998)................................................................5

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
  325 F.2d 785 (9th Cir. 1963) .......................................................................5

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) ...................................................................3, 4

*Fristoe v. Reynolds Metals, Co.*,
  615 F.2d 1209 (9th Cir. 1980) .....................................................................4

*Galt G/S v. JSS Scandinavia*,
  142 F. 3d 1150 (9th Cir. 1998) ..................................................................5, 9

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) .......................................................................5

*Kantor v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) .......................................................................2

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F. 2d 1088 (9th Cir. 1983) ....................................................................2

*Malone v. Potter*,
  2009 WL 999514 (C.D. Cal.) .......................................................................8

*Peacock v. Quest Diagnostics*,
  2010 WL 6806990 (C.D. Cal.) .....................................................................8

*Sanchez v. Monumental Life Ins.*,
  102 F.3d 398 (9th Cir. 1996) .....................................................................4, 6

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) .......................................................................2

*State Farm Mutual Automobile Insurance Co. v. Campbell*,
  538 U.S. 408 (2003)...................................................................................10

*The Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010)..............................................................................3, 4

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) .....................................................................5

*Ward v. Cadbury Schweppes Bottling Grp.*,
  2011 WL 7447633 (C.D. Cal) ...............................................................7, 8, 10

ii

**State Cases**

*Aboulafia v. GACN Inc.*,
    2013 WL 8115991 (Los Angeles Sup. Ct.) .......................................................7, 8, 10

*Beard v. Los Angeles Cnty. Law Library*,
    2009 WL 250543 (Los Angeles Sup. Ct.) ........................................................8

*Bisharat v. Los Angeles Unified Sch. Dist.*,
    2013 WL 1415554 (Los Angeles Sup. Ct.) ......................................................7

*Crawford v. DIRECTV, Inc.*,
    2010 WL 5383296 (Los Angeles County Sup. Ct.) .........................................9

*Davis v. Robert Bosch Tool Corp.*,
    2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007)..............................9

*Denenberg v. Cal. Dep't of Transp.*,
    2006 WL 5305734 (San Diego County Sup. Ct.).............................................9

*Dodd v. Haight Brown & Bonesteel LLP*,
    2010 WL 4845803 (Los Angeles Sup. Ct.) ....................................................8

*Horsford v. Bd. of Trs. of Cal. State Univ.*,
    132 Cal. App. 4th 359 (2005) ........................................................................9

*Jolly v. City of Long Beach*,
    2013 WL 3340512 (Los Angeles Sup. Ct.) ....................................................7

*Kolas v. Alticor Inc.*,
    2008 WL 6040410 (L.A. County Sup. Ct.) ....................................................8

*Lane v. Hughes Aircraft Co.*,
    22 Cal. 4th 405 (2000) ................................................................................10

*Leimandt v. Mega RV Corp.*,
    2011 WL 2912831 (Orange County Sup. Ct.).................................................9

*Signlin v. Carden Whittier Sch. Inc.*,
    2012 WL 1798892 (Los Angeles Sup. Ct.) ....................................................7

*Silverman v. Stuart F. Cooper Inc.*,
    2013 WL 5820140 (Los Angeles Sup. Ct.) .................................................7, 8

*Vanderheiden v. City of Alameda*,
    2011 WL 1562075 (Alameda County Sup. Ct.) ..............................................7

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
    2013 WL 7852947 (Los Angeles Sup. Ct.) .................................................7, 8

*Welch v. Ivy Hill Corp.*,
    2011 WL 3293268 (Los Angeles Sup. Ct.) ....................................................8

*Ybarra v. Dacor Holding Inc.*,
    2010 WL 2404221 (L.A. County Sup. Ct.) ....................................................8

iii

## Federal Statutes

28 U.S.C. § 1332 .................................................................................................. 1, 4

28 U.S.C. § 1332(a) ................................................................................................... 5

28 U.S.C. § 1332(a)(1) ......................................................................................... 2, 11

28 U.S.C. § 1332(c) ................................................................................................... 4

28 U.S.C. § 1332(c)(1) ......................................................................................... 3, 4

28 U.S.C. § 1441 ....................................................................................................... 1

28 U.S.C. § 1441(a) .......................................................................................... 2, 4, 11

28 U.S.C. § 1446 ....................................................................................................... 1

28 U.S.C. § 1446(a) ................................................................................................. 11

28 U.S.C. § 1446(b) ................................................................................................... 2

28 U.S.C. § 1446(b)(2)(B) ......................................................................................... 2

28 U.S.C. § 1446(d) ................................................................................................. 11

## State Statutes

California Government Code § 12940 .................................................................. 1, 6

California Government Code § 12945.2 ............................................................... 1, 6

California Government Code § 12965(b) ................................................................. 9

## TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendants The Hertz Corporation and Hertz Transporting, Inc. (collectively, "Hertz" or "Defendants") hereby remove the above-captioned action from the California Superior Court, County of Orange, pursuant to 28 U.S.C. section 1441 and 1446, based on diversity of citizenship jurisdiction (28 U.S.C. section 1332). This removal is proper for the following reasons:

## I.    BACKGROUND

1.     On February 8, 2023, Plaintiff Blanca Vences filed a Complaint in the Superior Court of California for the County of Orange titled *Blanca Vences v. Hertz Transporting, Inc., The Hertz Corporation; and Does 1 through 100, inclusive*, Case No. 30-2023-01306687-CU-WT-CJC (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.     The Complaint purports to assert four causes of action against Hertz for (1) Perceived or Physical Disability Harassment, Discrimination And Retaliation in Violation of California Government Code section 12940 et seq. (2) Violation of the Family Rights Act (California Government Code section 12945.2) (3) Constructive Wrongful Termination in Violation of Public Policy and (4) Declaratory Relief.

3.     On February 16, 2023, Hertz received via process server, the Summons; the Complaint; Notice of Hearing Case Management Conference; and Notice of Continuance. A true and correct copy of the materials received by Hertz is attached as part of Exhibit A.

4.     On March 13, 2023, Hertz filed their Answer in Orange County Superior Court.  A true and correct copy of the Answer filed is attached hereto as **Exhibit B**.

5.     Hertz has not filed or received any other pleadings or papers, other than the pleadings described as Exhibits A and B in this action prior to this Notice of Removal (Declaration of Jennifer L. Gentin ("Gentin Decl."), ¶3.  All remaining pleadings from

1

the Orange County Superior Court docket are attached hereto as **Exhibit C**. The Orange County Superior Court docket indicates that the Court has set a case management conference in this matter for July 14, 2023 at 9:00 a.m. in Dept C20. See **Exhibit C**.

6. As discussed in greater detail below, Plaintiff is a citizen of California, while The Hertz Corporation and Hertz Transporting, Inc. are each citizens of Delaware and Florida.

## II. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely as it is filed within the thirty (30) days of service of the Summons and Complaint on Hertz in this action on February 16, 2023. 28 U.S.C. §1446(b). Each defendant has 30 days after service to file a Notice of Removal. 28 U.S.C. §1446(b)(2)(B).

## III. DIVERSITY JURISDICTION

8. This Court has original jurisdiction of this action under 28 U.S.C. §1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. §1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

## IV. DIVERSE CITIZENSHIP OF THE PARTIES

### A. Plaintiff Is a Citizen of California

9. Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California. (Gentin Decl., ¶4, Ex. D). The Complaint also alleges that Plaintiff at all times mentioned herein "was, and now is, an individual residing in the County of Orange, State of California." *See* Ex. A, Complaint, ¶1.

10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

2

11.    Hertz' review of Plaintiff's personnel file and public records reveals that Plaintiff resides in California.  (*See* Gentin Decl., ¶ 4, Ex. D; Declaration of Ivonne Cabada ("Cabada Decl."), ¶6.)

12.    Therefore, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

### B.    Defendants Are Not Citizens of California

13.    Both The Hertz Corporation and Hertz Transporting, Inc. are now, and were at the time of the filing of this action, citizens of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1).  For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).

14.    The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** . . .  *The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

15.    The Hertz Corporation and Hertz Transporting, Inc. now, and were at the time of the filing of this action, citizens of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1).  *See, Davis*, 557 F.3d at 1028 (citing 28 U.S.C. 1332(c)(1)); *The Hertz Corp.*, 130 S. Ct. at 1192.

16.    The Hertz Corporation and Hertz Transporting, Inc. are now, and ever since this action commenced have been, incorporated under the laws of the State of Delaware.

*See* Cabada Decl.,¶7.  Further, as shown below, The Hertz Corporation and Hertz Transporting, Inc.'s principal places of business are, and have been at all times since this action commenced, located in the State of Florida.  (*Id.* at ¶8.)

17.  Pursuant to *Davis*, 557 F.3d at 1029 and *The Hertz Corp.*, 130 S. Ct. at 1192, Hertz's principal place of business is Florida because its "nerve center" is located in that state.  Hertz's corporate headquarters is located in Estero, Florida, where Hertz's high level officers direct, control, and coordinate its activities.  (*Id.*)  Hertz's high level corporate officers maintain offices in Estero, Florida, and many of Hertz's corporate level functions are performed in the Estero, Florida offices.  (*Id.*)  Additionally, many of Hertz's executive and administrative functions, including corporate finance and accounting, are directed from the Estero, Florida offices.  (*Id.*)  Therefore, for purposes of diversity of citizenship, Hertz is, and has been at all times since this action commenced, a citizen of the State of Florida.  28 U.S.C. §1332(c)(1).

### C.    Doe Defendants May Be Disregarded

18.  Pursuant to 28 U.S.C. section 1441(a) (as amended 1988), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants, 1-100, does not deprive this Court of jurisdiction.

19.  Accordingly, pursuant to 28 U.S.C. § 1332(c), Plaintiff and Defendants have diverse citizenship.

## V.    AMOUNT IN CONTROVERSY

20.  While Hertz denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) ("[T]he defendant must provide evidence

/ / /

4

establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

21.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

22.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

23.    Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

/ / /

/ / /

/ / /

/ / /

5

**A.    Plaintiff's Individual Claims Exceed $75,000[1]**

24.    The amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum based on the allegations in Plaintiff's Complaint. *See Sanchez*, 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted).

25.    Plaintiff's Complaint alleges (1) Perceived or Physical Disability Harassment, Discrimination And Retaliation in Violation of California Government Code section 12940 et seq. (2) Violation of the Family Rights Act (California Government Code section 12945.2) (3) Constructive Wrongful Termination in Violation of Public Policy and (4) Declaratory Relief. Plaintiff claims general damages, loss of earnings, medical expenses, loss of earning capacity, punitive damages, and reasonable attorneys' fees and costs.  (Ex. A., Complaint, Prayer for Relief, at ¶¶1-12.)  Plaintiff also claims damages for prejudgment interest and injunctive relief.  (*Id.* at Prayer for Relief, at 7, 9.) Thus, it is more likely than not that the amount in controversy exceeds $75,000.

**1.    Compensatory Damages**

26.    Plaintiff alleges she was employed as a Hertz driver from June 2005 to August 2021.  Complaint, ¶6.  As a result of  alleged discrimination, harassment, retaliation, wrongful termination, Plaintiff alleges that she has suffered economic, general, and special damages, including but not limited to damages for "severe and permanent emotional distress," medical and related expenses, damages including loss of income and loss of earning capacity,  punitive damages, and reasonable attorneys' fees and costs.  (Ex. A, Complaint, ¶¶ 35-42, 49-56, 60-67; Prayer for Relief, at ¶¶1-12, 16.)

27.    At the time of her termination, Plaintiff earned $16.50 per hour, in addition to overtime compensation.  (Cabado Decl., ¶ 5.)  Plaintiff's approximate annual income

---

[1]/    Hertz's assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any damages.  Hertz denies that Plaintiff is entitled to or will recover any damages in this matter.

was at least $34,320, based on the calculation of $16.50 (hourly rate) x 40 (average hours per week in the year prior to termination) x 52 weeks (which is a conservative estimate, as it excludes any overtime hours).  Given that Plaintiff alleges that she was wrongfully terminated in August 2021, she has already allegedly incurred a year and a half of lost compensation to date, or $51,480 ($16.50 (hourly rate) x 40 hours per week x 78 weeks. Conservatively estimating an April 2024 trial date, Plaintiff's lost past wages would amount to approximately $85,800 *i.e*., over two and a half years between when Plaintiff claims she was terminated and trial.

28.    In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement.  *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).  An award of three years of front benefits/vacation pay would entitle Plaintiff to more than $102,960 in additional recovery.[2]  *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D.

/ / /

---

[2] $16.50 x 40 hours =$660 x 156 weeks (or 3 years) = $102,960.

NOTICE OF REMOVAL BY DEFENDANTS THE HERTZ CORPORATION AND HERTZ TRANSPORTING, INC.
92349011v.4

Cal. 1986) (same). Thus, Plaintiff's alleged lost wages total **$188,760**, definitely establishing the amount in controversy requirement.

### 2.    Emotional Distress Damages

29.    Plaintiff also claims damages for emotional distress.  (Ex. A, Complaint, ¶¶36, 39, 53 and 64.)  A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000.  *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in disability discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in an discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case).

30.    Plaintiff's allegations that she was discriminated against and discharged because of her purported disability are analogous to the issues in these cases.

### 3.    Attorneys' Fees and Costs

31.    Plaintiff also claims that she is entitled to reasonable attorneys' fees and costs.  (Ex. A, Complaint, Prayer for Relief, at 6, 11.)  Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).  Under California Government Code § 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act

8

actions.  Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust."  *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**.  *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

32.    Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving claims similar to Plaintiff's claims.  *See, e.g.*, *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for case including discrimination claims).

33.    Hertz anticipates depositions being taken in this case, and that ultimately, Hertz will file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000.  In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial.  (Gentin Decl. ¶ 5.)

### 4.    Punitive Damages

34.    Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy.  (Ex. A, Complaint, ¶¶ 41, 55 and 66; Prayer for Relief, at ¶10.)

35.    Hertz is a large entity.  The economic resources of the defendants and the amount of compensatory damages are two of three factors courts consider in arriving at

9

punitive damage awards. *See, e.g.*, *Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000) (finding "three factors relevant to the assessment of punitive damages: (1) the degree of reprehensibility of the act; (2) the amount of compensatory damages awarded; and (3) the wealth of the particular defendant."). In *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award . . . That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors. . . ." (internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

36.    Courts have affirmed jury verdicts exceeding the jurisdictional threshold in punitive damages in alleged discrimination cases. *See Aboulida v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

37.    Based upon the allegations contained in Plaintiff's Complaint, Hertz is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between the Plaintiff and Defendants and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). This action is therefore a proper one for removal to this Court.

## VI.    VENUE

38.    This action originally was brought in the Superior Court of the State of California, County of Orange, which is located within the Central District of the State of California, Southern Division. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

10

92349011v.4

## VII.  SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

39.     Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Orange, in the State Court Action.

40.     This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

41.     In compliance with 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A, B** and **C.**

## VIII.  PRAYER FOR REMOVAL

WHEREFORE, Hertz prays that this civil action be removed from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California – Southern Division.

DATED:  March 15, 2023                    Respectfully submitted,

SEYFARTH SHAW LLP


By:_____
                    Jamie C. Pollaci
                    Jennifer Gentin
                  Attorneys for Defendants
            THE HERTZ CORPORATION and
            HERTZ TRANSPORTING, INC.

11

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 02/08/2023 01:52:30 PM.
30-2023-01306687-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** HERTZ TRANSPORTING, INC.; THE
*(AVISO AL DEMANDADO):* HERTZ CORPORATION; and DOES 1
through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** BLANCA VENCES,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. *AVISO:* Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* ORANGE COUNTY SUPERIOR COURT 700 Civic Center Drive West Santa Ana, California 92701 | CASE NUMBER: *(Número del Caso):* 30-2023-01306687-CU-WT-CJC Judge Erick L. Larsh |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Vadim Yeremenko, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LICATA & YEREMENKO
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403          (818) 783-5757

| DATE: *(Fecha)* 02/08/2023 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*
K. Trent

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*     THE HERTZ CORPORATION

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)          [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov Westlaw Doc & Form Builder® |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 02/08/2023 01:52:30 PM.
30-2023-01306687-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

1  VADIM YEREMENKO, ESQ. (State Bar No. 269804)
   vyeremenko@LYlegal.net
2  IMRAN A. RAHMAN, ESQ. (State Bar No. 308148)
   irahman@LYlegal.net
3  ALEX HADJIAN, ESQ. (State Bar No. 327534)
   ahadjian@LYlegal.net
4  **LICATA & YEREMENKO**
   A Professional Law Corporation
5  15303 Ventura Boulevard, Suite 600
   Sherman Oaks, CA 91403
6  (818) 783-5757   Phone
   (818) 783-7710   Fax
7
8  Attorneys for Plaintiff **BLANCA VENCES**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE   Assigned for All Purposes

| | |
|---|---|
| BLANCA VENCES,<br><br>Plaintiff,<br><br>vs.<br><br>HERTZ TRANSPORTING, INC.;<br>THE HERTZ CORPORATION;<br>and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.   Judge Erick L. Larsh<br>30-2023-01306687-CU-WT-CJC<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>**(1)  FOR PERCEIVED AND/OR PHYSICAL DISABILITY HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];**<br><br>**(2)  FOR HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12945.2 ET SEQ. [CFRA];**<br><br>**(3)  FOR RETALIATION AND CONSTRUCTIVE WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>**(4)  FOR DECLARATORY RELIEF [Permanent Injunction Requested];**<br><br>**JURY TRIAL DEMANDED**<br><br>**UNLIMITED JURISDICTION; CASE VALUE IN EXCESS OF $25,000.00** |

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    COMES NOW Plaintiff BLANCA VENCES (hereinafter referred to as "VENCES" or

2    "Plaintiff") and complains against the above-named Defendants and for causes of action against the

3    Defendants, and each of them, and alleges as follows:

I.

# FIRST CAUSE OF ACTION

## (For Perceived and/or Physical Disability

## Harassment, Discrimination and Retaliation in Employment

## [California Government Code §12940 et seq.],

## Against All Defendants and DOES 1 Through 100, Inclusive)

10    1.    At all times mentioned herein, Plaintiff was, and now is, an individual residing in

11    the County of Orange, State of California.

12    2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

13    herein, Defendant HERTZ TRANSPORTING, INC. (hereinafter collectively referred to with all

14    other Defendants as "Defendants") was, and now is, a Delaware corporation, duly registered and

15    licensed to do business in the County of Orange, State of California.

16    3.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

17    herein, Defendant THE HERTZ CORPORATION (hereinafter collectively referred to with all

18    other Defendants as "Defendants") was, and now is, a Delaware corporation, duly registered and

19    licensed to do business in the County of Orange, State of California.

20    4.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

21    successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 –

22    100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.

23    Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

24    the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and

25    believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

26    responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

27    hereinafter alleged and caused injuries and damages proximately thereby to Plaintiff, as hereinafter

28    alleged.

PLAINTIFF'S COMPLAINT FOR DAMAGES

5.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

6.      At all times herein mentioned, from about June 10, 2005, until Plaintiff's wrongful termination on or about August 30, 2021, Plaintiff was employed as a driver by Defendants and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

7.      At all times herein alleged, Plaintiff had the perceived and/or physical disability(s) of right elbow, right wrist, right hand, right fingers, right ankle, right foot, right knee injury(s) and associated conditions.

8.      Plaintiff placed Defendants, and DOES 1 through 100, inclusive, and each of them, on notice of Plaintiff's disability(s).

9.      Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal.

10.     Beginning on or about June 6, 2017, and continuing, Plaintiff developed and/or aggravated and/or sustained perceived and/or physical disability(s) of right elbow, right wrist, right hand, right finger(s) injury(s) and associated conditions.

11.     Plaintiff informed Defendants, and DOES 1 through 100, inclusive, and each of them about her injury(s) and was sent to an occupational medicine clinic for diagnosis and treatment.

12.     Plaintiff initiated a workers' compensation claim in connection with the June 6, 2017 injury(s) and retained an attorney to assist her with this claim.

PLAINTIFF'S COMPLAINT FOR DAMAGES

13.     Beginning on or about April 18, 2019, and continuing, Plaintiff developed and/or aggravated and/or sustained perceived and/or physical disability(s) of right ankle, right foot, right knee injury(s) and associated conditions.

14.     Plaintiff informed Defendants, and DOES 1 through 100, inclusive, and each of them about her injury(s) and was sent to an occupational medicine clinic for diagnosis and treatment.

15.     Plaintiff initiated a workers' compensation claim in connection with the April 18, 2019 injury(s) and retained an attorney to assist her with this claim.

16.     Plaintiff continued undergoing treatment for her disability(s) while working for Defendants.

17.     On or about August 3, 2020, Plaintiff underwent surgery on her right elbow, followed by a medical leave to recuperate and heal.

18.     On or about December 1, 2020, Plaintiff was deemed permanent and stationary, with restrictions precluding her from repetitive or forceful gripping, grasping and manipulation, and repetitive kneeling and squatting. Plaintiff's restrictions also required her to wear a right elbow and right wrist splint, as well as bilateral knee patellar supports at work.

19.     Plaintiff then spoke with Defendants' manager Jerynn Brooks who told Plaintiff that she had no job for Plaintiff due to her restrictions.

20.     On or about January 7, 2021, Plaintiff spoke with Defendants' manager Jerynn Brooks again about returning to work, who reiterated her intent to terminate Plaintiff, stating "I fired you." Plaintiff protested and Jerynn Brooks said that she would check the schedule.

21.     Thereafter, Defendants seemingly agreed to return Plaintiff to work on or about, January 20, 2021.

22.     On or about February 15, 2021, Plaintiff received a phone call from Defendants' manager Jennifer Bell, who stated that there was no more work for Plaintiff, but did not provide a reason.

23.     Over the next seven months, both Plaintiff and her workers' compensation attorney repeatedly contacted Defendants, and DOES 1 through 100, inclusive, and each of them in order to

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  facilitate Plaintiff's return to work and/or to engage in the interactive process with Defendants.

2  24.    On or about April 16, 2021, Plaintiff sent an email to Defendants' manager Jennifer

3  Bell inquiring about her status, but did not receive a response.

4  25.    On or about April 27, 2021, Plaintiff's workers' compensation attorney sent an

5  email to Defendants' representative demanding that Plaintiff be returned to work. There was no

6  response.

7  26.    On or about August 2, 2021, Plaintiff's workers' compensation attorney sent an

8  email to Defendants' representative demanding that Plaintiff be returned to work. There was no

9  response.

10  27.    On or about August 16, 2021, Plaintiff's workers' compensation attorney sent an

11  email to Defendants' representative demanding that Plaintiff be returned to work and that if there

12  was no response by August 30, 2021, Plaintiff would consider herself terminated. There was no

13  response by August 30, 2021.

14  28.    On or about August 30, 2021, Defendants, and DOES 1 through 100, and each of

15  them, constructively wrongfully  terminated Plaintiff by failing to return her to work, failing to

16  engage in a good faith interactive process with Plaintiff, and ignoring multiple communications

17  from Plaintiff and her workers' compensation attorney. A reasonable person in Plaintiff's position

18  would have not had any other option but to consider themselves constructively terminated.

19  29.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and DOES

20  1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably

21  a non-disabled individual(s).

22  30.    At all times herein alleged, Plaintiff was a qualified disabled worker with one or

23  more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's

24  job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's

25  fellow employees, and who was entitled to preferential reassignment.

26  31.    From about June 6, 2017, and continuing at least through August 30, 2021, and

27  continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and

28  retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical disability(s), by the

1   following continuous actions, and conduct, among others:

a.   Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

b.   Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

c.   Falsely claiming that Plaintiff's work restrictions could not be accommodated and/or that there was no work for Plaintiff;

d.   Failing to return Plaintiff to work despite repeated follow-ups by Plaintiff and her workers' compensation attorney;

e.   Failing to respond to Plaintiff's inquiries about her work status and/or requests to be returned to work;

f.   Failing to respond to Plaintiff's workers' compensation attorney's inquiries about Plaintiff's work status and/or requests that Plaintiff be returned to work;

g.   On or about August 30, 2021, retaliating against and constructive wrongfully terminating Plaintiff by failing to return her to work, failing to engage in a good faith interactive process with Plaintiff, and ignoring multiple communications from Plaintiff and her workers' compensation attorney, such that a reasonable person in Plaintiff's position would have not had any other option but to consider themselves constructively terminated;

h.   Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual(s);

i.   Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or disability(s), as herein alleged;

j.   Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff requesting and/or taking and/or being entitled to CFRA and/or other lawful medical leave, as herein alleged;

k.   Failing to rehire and/or reemploy Plaintiff prior to August 30, 2021.

6

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

32.    The acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §12940 et seq.  Said statutes impose certain duties upon Defendants, and DOES 1 through 100, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or physical disability and the prohibition of perceived and/or physical disability harassment, discrimination and retaliation.  Said statutes were intended to prevent the type of injury and damage herein set forth.  Plaintiff was, at all times material hereto, an employee with a perceived and/or physical disability(s), and within the protected class covered by California Government Code §12940, prohibiting perceived and/or physical disability harassment, discrimination and retaliation in employment.

33.    By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and discrimination.  The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment.  When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's perceived and/or physical disability(s) and/or complaints about the unlawful conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

34.    Plaintiff filed timely charges and complaints of perceived and/or physical disability harassment, retaliation and discrimination with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.  Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

///

7

35. By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

36. As a direct and legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

37. As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

38. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

39. As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and

1   continues to suffer severe and permanent emotional and mental distress and anguish, humiliation,

2   embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

3   injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they

4   are ascertained.

5       40.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

6   this court.

7       41.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of

8   them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in

9   wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

10  managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and

11  with the express knowledge, consent, and ratification of managerial agents and employees

12  Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of

13  punitive and exemplary damages in an amount to be determined at the time of trial.

14      42.    As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and

15  each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said

16  suit as specifically provided in California Government Code § 12965(b).

## II.

## SECOND CAUSE OF ACTION

### (For Violation of the Family Rights Act

### [California Government Code § 12945.2]

### Against All Defendants and DOES 1 Through 100, Inclusive)

22      43.    Plaintiff incorporates herein by reference Paragraphs 1 through 42 as though set

23  forth in full herein.

24      44.    Plaintiff was an employee of Defendants, and DOES 1 through 100, and each of

25  them, who qualified for leave due to physical disability(s) pursuant to California Government Code

26  §12945.2 et seq.

27      45.    At all times herein mentioned, Defendants, and DOES 1 through 100, and each of

28  them, were "Employer[s]" within the definition of Government Code §12945.2, in that

9

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   Defendants, and DOES 1 through 100, and each of them, regularly employed 5 or more people
2   and/or adhered and/or abided by CFRA and/or gave their employees equal or greater leave
3   protection than CFRA.

4       46.   From about June 6, 2017, and continuing at least through August 30, 2021, and
5   continuing, Defendants, and DOES 1 through 100, and each of them, interfered with, denied and
6   retaliated against Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family
7   Rights and Family Care and Medical Leave, by the following actions, among others:

8       a.   Defendants, and DOES 1 through 100, and each of them, harassed, discriminated
9           against and retaliated against Plaintiff, as herein alleged, in the terms and conditions
10          of Plaintiff's employment;

11      b.   Defendants, and DOES 1 through 100, and each of them, retaliated against Plaintiff
12          because of Plaintiff's entitlement and/or request and/or taking of the right to
13          medical leave in violation of Government Code §12945.2 et seq. by, amongst
14          others; failing to engage in a good faith interactive process with Plaintiff, failing to
15          provide Plaintiff with reasonable accommodations, failing to return Plaintiff to
16          work, ignoring communications from Plaintiff and Plaintiff's workers'
17          compensation attorney about Plaintiff's work status and/or requests to return to
18          work, and/or constructively terminating Plaintiff;

19      c.   Failing to rehire and/or reemploy Plaintiff prior to August 30, 2021.

20      47.   By the acts and conduct described above, Defendants, and DOES 1 through 100,
21  and each of them, in violation of said statutes, knew about, or should have known about, and failed
22  to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in
23  violation of the Family Rights Act. The acts of discrimination described herein were sufficiently
24  pervasive so as to alter the conditions of employment, and created an abusive working
25  environment. Plaintiff's request and/or taking and/or right to take, Family Medical Leave; and/or
26  Plaintiff's complaints about the unlawful conduct were motivating reasons in Defendants' conduct.

27      48.   Plaintiff filed timely charges and complaints of retaliation, harassment and
28  discrimination in violation of the Family Rights Act with the California Department of Fair

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff

2   to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said

3   Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated

4   herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

5        49.    By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and

6   each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

7   California Civil Code §3333 including, but not limited to, loss of earnings and future earning

8   capacity, medical and related expenses for care and procedures both now and in the future,

9   attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

10   leave of court to amend when ascertained.

11       50.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1

12   through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

13   both internally and externally, and suffered, among other things, numerous internal injuries, severe

14   fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not

15   known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

16   Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

17   informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to

18   be permanent in character.

19       51.    As a further legal result of the acts and omissions of Defendants, and DOES 1

20   through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-

21   rays, and laboratory costs during the period of Plaintiff's disability; and is informed and believes,

22   and thereon alleges, that he will in the future be forced to incur additional expenses of the same

23   nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the

24   exact amount of said expenses at the time of trial.

25       52.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

26   since said incidents, has been unable to engage fully in Plaintiff's occupation, and is informed and

27   believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

28   usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

2  loss of earnings at the time of trial.

3      53.    As a further direct and legal result of the acts and conduct of Defendants, and DOES

4  1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and

5  continues to suffer severe and permanent emotional and mental distress and anguish, humiliation,

6  embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said

7  injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they

8  are ascertained.

9      54.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

10  this court.

11      55.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of

12  them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in

13  wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

14  managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and

15  with the express knowledge, consent, and ratification of managerial agents and employees of

16  Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of

17  punitive and exemplary damages in an amount to be determined at the time of trial.

18      56.    As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and

19  each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said

20  suit as specifically provided in California Government Code § 12965(b).

21                                    III.

22                       **THIRD CAUSE OF ACTION**

23  **(For Retaliation and Constructive Wrongful Termination in Violation of Public Policy**

24            **Against All Defendants and DOES 1 -100, Inclusive)**

25      57.    Plaintiff incorporates herein by reference Paragraphs 1 through 56 as though set

26  forth in full herein.

27      58.    At all times herein mentioned, the public policy of the State of California, as

28  codified, expressed and mandated in California Government Code §12940 was to prohibit

                                    12

1  employers from discriminating, harassing and retaliating against any individual based on
2  perceived and/or physical disability(s).  This public policy of the State of California is designed to
3  protect all employees and to promote the welfare and well-being of the community at large.
4  Accordingly, the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in
5  discriminating, retaliating and constructively terminating Plaintiff on the grounds of stated above,
6  or for complaining about such discrimination, retaliation and  harassment, was wrongful and in
7  contravention and violation of the express public policy of the State of California, to wit, the policy
8  set forth in California Government Code §12940 et seq., and the laws and regulations promulgated
9  thereunder.

10      59.    At all times herein mentioned, the public policy of the State of California, as
11  codified, expressed and mandated in California Government Code §12945.2 was to prohibit
12  employers from discriminating and retaliating against any individual based on their taking,
13  requesting or needing Family Medical Leave.  This public policy of the State of California is
14  designed to protect all employees and to promote the welfare and well-being of the community at
15  large.  Accordingly, the actions of Defendants and DOES 1 through 100, inclusive, and each of
16  them, in discriminating, retaliating and constructively terminating Plaintiff on the grounds of stated
17  above, or for complaining about such discrimination and retaliation, was wrongful and in
18  contravention and violation of the express public policy of the State of California, to wit, the policy
19  set forth in California Government Code §12945.2 et seq., and the laws and regulations
20  promulgated thereunder.

21      60.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100,
22  inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages
23  pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future
24  earning capacity, medical and related expenses for care and procedures both now and in the future,
25  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek
26  leave of court to amend when ascertained.

27      61.    As a direct and legal result of the acts and omissions of Defendants and DOES 1
28  through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 disordered, both internally and externally, and suffered, among other things, numerous internal
2 injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said
3 injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are
4 ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries,
5 but is informed and believes, and thereon alleges, that some of the said injuries are reasonably
6 certain to be permanent in character.

7          62.     As a further legal result of the acts and omissions of Defendants and DOES 1
8 through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical
9 care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and
10 believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the
11 same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to
12 show the exact amount of said expenses at the time of trial.

13          63.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but
14 since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and
15 believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's
16 usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount
17 which is at present unascertained. Plaintiff will pray leave of court to show the total amount of
18 loss of earnings at the time of trial.

19          64.     As a further direct and legal result of the acts and conduct of Defendants and DOES
20 1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer,
21 and continues to suffer severe and permanent emotional and mental distress and anguish,
22 humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and
23 extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the
24 same when they are ascertained.

25          65.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of
26 this court.

27          66.     The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and
28 each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were

1  done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done

2  by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each

3  of them, and with the express knowledge, consent, and ratification of managerial agents and

4  employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying

5  the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

6      67.   As a result of the discriminatory acts of Defendants and DOES 1 through 100,

7  inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

8  costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

9                              IV.

10                    FOURTH CAUSE OF ACTION

11      (For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)

12     68.   Plaintiff incorporates herein by reference Paragraphs 1 through 67 as though set

13  forth in full herein.

14     69.   Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

15  trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

16  Declaration of Rights and Duties pursuant to the recent ruling in *Harris v. City of Santa Monica*,

17  (2013) 56 C.4th 203, declaring that Defendants and DOES 1 through 100, inclusive, and each of

18  them, their successors, agents, representatives, employees and all persons who acted alone, or in

19  concert with said Defendants and DOES 1 through 100, inclusive, and each of them, committed

20  acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not

21  limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved

22  and/or shown at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair

23  Employment and Housing Act, California Government Code §§12900 - 12996, and any other,

24  applicable laws, cases, codes, regulations and statutes.

25     70.   At the time of the request for Declaratory Relief, there exists and/or will exist a

26  present and actual controversy among the parties.

27     71.   This Complaint, and the relevant causes of action herein, specifically plead an

28  actual, present controversy, and the facts of the respective and underlying claims.

15

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

72.    At the time of the request for Declaratory Relief, the facts of this case will have congealed to the point that the Court can determine issues and grant relief through Declaratory Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

73.    As a result of the wrongful acts of Defendants and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants and DOES 1 through 100, inclusive, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants and DOES 1 through 100, inclusive, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§ 12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

74.    As a result of the wrongful conduct of Defendants and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203.

**WHEREFORE**, Plaintiff **BLANCA VENCES** prays for judgment against the Defendants and DOES 1 through 100, inclusive, and each of them, as follows:

1.    For general damages in an amount within the jurisdictional limits of this Court;

2.    For medical expenses and related items of expense, according to proof;

3.    For loss of earnings, according to proof;

4.    For loss of earning capacity, according to proof;

5.    For reasonable attorneys' fees and costs of said suit as specifically provided, in California Government Code §12965(b), according to proof;

6.    For reasonable attorneys' fees and costs of said suit as specifically provided, in California Code of Civil Procedure §1021.5, according to proof;

16

7.    For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b) and as specifically mentioned in *Harris  v. City of Santa Monica*, (2013) 56 C.4th 203;

9.    For prejudgment interest according to proof;

10.    For punitive and exemplary damages, according to proof;

11.    For costs of suit incurred herein; and

12.    For such other and further relief as the court may deem just and proper.

Dated: February 8, 2023

LICATA & YEREMENKO
A Professional Law Corporation

By: _____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**BLANCA VENCES**

## DEMAND FOR JURY TRIAL

Plaintiff **BLANCA VENCES** hereby demands trial by jury.

Dated: February 8, 2023

LICATA & YEREMENKO
A Professional Law Corporation

By: _____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**BLANCA VENCES**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# EXHIBIT "A"

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Blanca Vences                                              DFEH No. 202202-16207322

                          Complainant,

vs.

THE HERTZ CORPORATION
8501 WILLIAMS ROAD
ESTERO, FL 33928

HERTZ TRANSPORTING, INC.
8501 WILLIAMS ROAD
ESTERO, FL 33928

                          Respondents

---

1. Respondent **THE HERTZ CORPORATION** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **HERTZ TRANSPORTING, INC.** business as Co-Respondent(s).

3. Complainant **Blanca Vences**, resides in the City of **Tustin**, State of **CA**.

4. Complainant alleges that on or about **August 30, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, laid off, forced to quit, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

-1-

Complaint – DFEH No. 202202-16207322

Date Filed: February 22, 2022

Form DFEH-ENF, 80 RS (Revised 02/22)

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, laid off, forced to quit, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Additional Complaint Details:** From about June 6, 2017 and continuing at least through August 30, 2021, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or physical disability(s) (injuries to right elbow, right wrist, right hand, right fingers, right ankle, right foot, right knee, and associated conditions),

-2-

Complaint – DFEH No. 202202-16207322

Date Filed: February 22, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  VERIFICATION

2  I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On February 22, 2022, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                              Sherman Oaks, California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                    -3-

    Complaint – DFEH No. 202202-16207322
27
   Date Filed: February 22, 2022
28
                                              Form DFEH-ENF 80 RS (Revised 02/22)

EXHIBIT "B"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 22, 2022

Blanca Vences
13224 Newport Ave. Apt. 21B
Tustin, CA 92780

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202202-16207322
Right to Sue: Vences / THE HERTZ CORPORATION et al.

Dear Blanca Vences:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 22, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)





STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 22, 2022

RE:    **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202202-16207322
Right to Sue: Vences / THE HERTZ CORPORATION et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of.

Blanca Vences                                      DFEH No. 202202-16207322

Complainant,

vs.

THE HERTZ CORPORATION
8501 WILLIAMS ROAD
ESTERO, FL 33928

HERTZ TRANSPORTING, INC.
8501 WILLIAMS ROAD
ESTERO, FL 33928

Respondents

---

1. Respondent **THE HERTZ CORPORATION** is an employer, subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **HERTZ TRANSPORTING, INC.** business as Co-Respondent(s).

3. Complainant **Blanca Vences** resides in the City of **Tustin,** State of **CA.**

4. Complainant alleges that on or about **August 30, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, laid off, forced to quit, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

-1-

Complaint – DFEH No. 202202-16207322

Date Filed: February 22, 2022

Form DFEH-ENF. 80 RS (Revised 02/22)

1    **Complainant experienced retaliation** because complainant reported or resisted any form
2    of discrimination or harassment, requested or used a disability-related accommodation,
     requested or used family care or medical leave (cfra) and as a result was terminated, laid
3    off, forced to quit, denied any employment benefit or privilege, denied reasonable
     accommodation for a disability, denied work opportunities or assignments, denied or forced
4    to transfer, denied family care or medical leave (cfra).

5    **Additional Complaint Details:** From about June 6, 2017 and continuing at least through
6    August 30, 2021, and continuing, I was harassed, discriminated against and retaliated
     against based on my perceived and/or physical disability(s) (injuries to right elbow, right
7    wrist, right hand, right fingers, right ankle, right foot, right knee, and associated conditions)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-2-

Complaint – DFEH No. 202202-16207322

27   Date Filed: February 22, 2022

28

Form DFEH-ENF 80 RS (Revised 02/22)

1    VERIFICATION

2    I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read

3    the foregoing complaint and know the contents thereof.   The matters alleged are
     based on information and belief, which I believe to be true.

4    On February 22, 2022, I declare under penalty of perjury under the laws of the State,

5    of California that the foregoing is true and correct.

6                                                    **Sherman Oaks, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            -3-
                          *Complaint – DFEH No. 202202-16207322*

27   Date Filed: February 22, 2022.

28
                                            Form DFEH-ENF-80-RS (Revised 02/22)

PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On **February 23, 2022**, I served the foregoing document described as **RIGHT TO SUE NOTICE** and **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by certified mail, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED MAILING LIST

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on **February 23, 2022** at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
HERMINA AVAKIAN

MAILING LIST

1

2       The Hertz Corporation
        4000 Campus Drive
3       Newport Beach, CA 92660

4

5       The Hertz Corporation
        8501 Williams Road
6       Estero, FL 33928

7

        The Hertz Corporation
8       c/o CT Corporation
        330 N. Brand Blvd., Suite 700
9       Glendale, CA 91203

10

        Hertz Transporting, Inc.
11      8501 Williams Road
        Estero, FL 33928

12

13      Hertz Transporting, Inc.
        c/o CT Corporation
14      330 N. Brand Blvd., Suite 700
        Glendale, CA 91203

15

16      Hertz Transporting, Inc.
        14501 Hertz Quail Springs Parkway
17      Oklahoma City, OK 73134

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE <br> MAILING ADDRESS: 700 W. Civic Center Drive <br> CITY AND ZIP CODE: Santa Ana 92701 <br> BRANCH NAME: Central Justice Center <br><br> PLANTIFF: Blanca Vences <br><br> DEFENDANT: Hertz Transporting, Inc. et.al. <br><br> Short Title: VENCES VS. HERTZ TRANSPORTING, INC. | **FILED** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF ORANGE <br><br> Feb 10, 2023 <br> Clerk of the Superior Court <br> By: K. TRENT, Deputy |
| **NOTICE OF HEARING** <br> **CASE MANAGEMENT CONFERENCE** | CASE NUMBER: <br> 30-2023-01306687-CU-WT-CJC |

Please take notice that a(n), Case Management Conference, has been scheduled for hearing on 07/10/2023 at 09:00:00 AM in Department C20 of this court, located at Central Justice Center.

Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties!

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: _____ , Deputy

**NOTICE OF HEARING**                                    Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** VENCES VS. HERTZ TRANSPORTING, INC.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 30-2023-01306687-CU-WT-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid, pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California on 02/10/2023. Following standard court practice the mailing will occur at Sacramento, California on 02/14/2023.

Clerk of the Court, by: _____, Deputy

LICATA & YEREMENKO A PROFESSIONAL LAW
CORPORATION
15303 VENTURA BOULEVARD # 600
SHERMAN OAKS, CA 91403

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 700 Civic Center Dr. West<br>MAILING ADDRESS: 700 Civic Center Dr. West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF/PETITIONER: Blanca Vences | |
| DEFENDANT/RESPONDENT: Hertz Transporting, Inc. | |
| SHORT TITLE: Blanca Vences vs. Hertz Transporting, Inc. | |

| NOTICE OF CONTINUANCE | CASE NUMBER:<br>30-2023-01306687-CU-WT-CJC |
|---|---|

Please be advised that:

The Case Management Conference in the above entitled action has been continued to 07/14/2023 at 09:00 AM in C20 of the above named court.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas. www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị. www.occourts.org/media-relations/CoronaVirusUpdate.html

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Vences vs. Hertz Transporting, Inc.

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER: 30-2023-01306687-CU-WT-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), Notice of Continuance, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on February 15, 2023, at 4:14:20 PM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LICATA & YEREMENKO A PROFESSIONAL LAW CORPORATION
AHADJIAN@LYLEGAL.NET

LICATA & YEREMENKO A PROFESSIONAL LAW CORPORATION
IRAHMAN@LYLEGAL.NET

LICATA & YEREMENKO A PROFESSIONAL LAW CORPORATION
VYEREMONKO@LYLEGAL.NET

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

# EXHIBIT B

1  SEYFARTH SHAW LLP
   Jamie C. Pollaci (SBN 244659)
2  jpollaci@seyfarth.com
   Jennifer Gentin (SBN 146888)
3  jgentin@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendants
   THE HERTZ CORPORATION and HERTZ
7  TRANSPORTING, INC.

8

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

                              COUNTY OF ORANGE
11

12

13  BLANCA VENCES,                          Case No. 30-2023-01306687-CU-WT-CJC

14              Plaintiff,                   **DEFENDANTS THE HERTZ
                                            CORPORATION AND HERTZ
15       v.                                 TRANSPORTING, INC.'S ANSWER TO
                                            PLAINTIFF'S COMPLAINT**
16  HERTZ TRANSPORTING, INC.; THE HERTZ
    CORPORATION; and DOES 1 through 100,
17  inclusive,

18              Defendants.

19

20       Defendants THE HERTZ CORPORATION and HERTZ TRANSPORTING, INC.

21  ("Defendants"), by and through their attorneys, Seyfarth Shaw LLP, hereby submit their Answer to

22  Plaintiff's Complaint as follows:

23                              **GENERAL DENIAL**

24       Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally deny

25  each and every allegation in the Complaint.  In further answer to the Complaint, Defendants deny that

26  Plaintiff has suffered any injury, damage or loss in any nature or manner whatsoever by reason of any

27  act or omission of Defendants.

28  / / /

---

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the facts alleged in the Complaint, Defendants assert and allege the following separate and additional defenses without prejudice to Defendants' right to argue that Plaintiff bears the burden of proof as to any one or more of these defenses:

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendants.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Administrative Remedies)

2.      To the extent that Plaintiff makes allegations or claims that were not made the subject of a timely complaint filed with the California Rights Division (formerly Department of Fair Employment and Housing) as required by Government Code section 12960, a Court lacks jurisdiction with respect to these allegations or claims.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Workers' Compensation Act Preemption)

3.      To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, a Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, California Labor Code sections 3200, *et seq*.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Internal Remedies/Avoidable Consequences)

4.      Plaintiff's employer exercised reasonable care to prevent and/or correct any unlawfully harassing, discriminatory and/or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff's claims are barred, or alternatively her relief is limited, to the extent Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by her employer or to avoid harm otherwise.  *State Dept. of Health Servs. v. Superior Ct. of Sacramento County (McGinnis)*, 31 Cal. 4th 1026 (2000).

2

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

92349135v.2

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Consent and Waiver)

5.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrines of consent and waiver because of Plaintiff's conduct and actions.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

6.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff is estopped by her conduct and actions to claim any right to damages or any relief against Defendants.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

7.      The Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands based on Plaintiff's own acts and/or omissions.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

8.      The Complaint, and each and every cause of action therein, is barred in whole or in part by the applicable statutes of limitations, including, but not limited to those contained in the Fair Employment and Housing Act, including Sections 12960(d) and 12965(b), as well as those contained in California Code of Civil Procedure Sections 335.1, 338, and 343.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate Damages)

9.      Plaintiff is not entitled to back or front pay and/or any other damages to the extent that she failed to seek and obtain other employment and/or otherwise failed to make reasonable efforts to mitigate her alleged loss of wages and/or other damages.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (After-Acquired Evidence)

10.      Plaintiff's claims are barred, or she is precluded from recovering damages, to the extent that Defendants learn through after-acquired evidence that she engaged in any fraud or other misconduct

3

that, if known, would have caused Plaintiff's employment with Hertz Transporting, Inc. to be terminated.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Legitimate Business Justification/Mixed Motive)

11.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendants expressly deny, Plaintiff's employer would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Offset)

12.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Excessive Fines/Due Process)

13.    To the extent that Plaintiff seeks punitive damages, exemplary damages, or emotional distress damages in the Complaint, she violates the rights of Defendants to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Undue Hardship)

14.    To the extent that Plaintiff requested accommodations that were not reasonable or would cause her employer undue hardship, and thus were not required, Plaintiff's claims fail.

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Joint and Several Liability)

15.     The liability of Defendants, if any, for the non-economic damages claimed by Plaintiff is limited by Civil Code Section 1431.1, *et seq.*

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Good Faith and Reasonableness)

16.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiff's employer and its agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Managerial Immunity)

17.     Any injuries Plaintiff sustained as a result of any action by Defendants are barred by the doctrine of managerial immunity.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unauthorized Action)

18.     Plaintiff's complaint, and each purported cause of action therein, is barred to the extent that the actions of Defendants' agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Inability to Perform)

19.     Plaintiff's claims based on her purported disability fail to the extent that she could not perform the essential functions of the job, with or without reasonable accommodation.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (California Labor Code Sections 2854 and 2856)

20.     Plaintiff's Complaint is barred by virtue of California Labor Code Sections 2854 and 2856 in that she failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

92349135v.2

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Consent/Ratification)

21.     Plaintiff's claims are barred in whole or in part to the extent any conduct attributable to Defendants was ratified or consented to by Plaintiff.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Pre-Existing Condition or Alternative Cause)

22.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing medical condition or psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendants.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Health & Safety of Others)

23.     Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff could not perform the essential duties of her position in a manner that would not endanger the employee's health or safety or the health or safety of others, even with reasonable accommodations.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Engage in the Interactive Process)

24.     Plaintiff's claims are barred because she failed to participate in good faith, or at all, in an interactive process with her employer regarding her purported need for a reasonable accommodation for her alleged disability.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (No Employment Relationship/Improper Party)

25.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Defendant The Hertz Corporation did not employ Plaintiff at any time and, therefore, Plaintiff lacks standing to assert any of the causes of action contained in the Complaint against Defendant The Hertz Corporation.

/ / /

/ / /

/ / /

92349135v.2

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Equitable Setoff and Recoupment)

26.    To the extent a trier of fact holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments made by her employer and/or all obligations that Plaintiff owed to Defendants against any judgment that may be entered against Defendants.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Injury)

27.    Plaintiff's declaratory relief cause of action fails because she has not suffered any injury as a result of the alleged statutory violations.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Lacks Standing to Sue/Adequate Legal Remedy)

28.    Plaintiff's declaratory relief cause of action is barred to the extent Plaintiff lacks standing to sue.  Further, Plaintiff's request for injunctive relief is improper because Plaintiff has an adequate remedy at law.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Prompt Remedial Action)

29.    Plaintiff's employer took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations her employer had to Plaintiff, if any at all.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Not Qualified for FMLA/CFRA Leave)

30.    Plaintiff's second cause of action based on the Family Medical Leave Act/California Family Rights Act fails because she did not qualify for such leave.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Release)

31.    To the extent Plaintiff has executed a release encompassing claims alleged in the Complaint, the claims are barred by that release.

7

92349135v.2

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Pre-emption by the NLRA)

32.    Plaintiff's claims are barred because the National Labor Relations Act ("NLRA") preempts those claims as they involve a dispute about the interpretation of rights conferred by a collective bargaining agreement that must be resolved by the procedures under the NLRA.

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
### (Reservation of Rights)

33.    Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, unstated affirmative defenses available.  Defendants thus reserve the right to assert additional affirmative and other defenses in the event discovery and further investigation indicate it would be appropriate.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.   That Plaintiff takes nothing by her Complaint;

2.   That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.   That Defendants be awarded reasonable attorneys' fees according to proof;

4.   That Defendants be awarded the costs of suit incurred herein; and

5.   That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: March 13, 2023                          Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Jamie C. Pollaci
Jennifer Gentin
Attorneys for Defendants
THE HERTZ CORPORATION and HERTZ
TRANSPORTING, INC.

8

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA              )
                                )  SS
3

COUNTY OF LOS ANGELES           )

4

        I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5

90067-3021. On March 13, 2023, I served the within document(s):

6

DEFENDANTS THE HERTZ CORPORATION AND HERTZ TRANSPORTING, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

7

8

☐  I sent such document from facsimile machines (310) 201-5219 on March 13, 2023. I certify that
said transmission was completed and that all pages were received and that a report was generated
by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a
9        copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed
envelope(s) addressed to the parties listed below.

10

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
in the United States mail at Los Angeles, California, addressed as set forth below.
11

12

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
below.

13

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
sealed envelope or package provided by an overnight delivery carrier with postage paid on
14        account and deposited for collection with the overnight carrier at Los Angeles, California,
addressed as set forth below.

15

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
below.
16

17

☐  electronically by using the Court's ECF/CM System.

18

        Licata & Yeremenko, APC              T: 818.783.5757; F: 818.783.7710
        Vadim Yeremenko, Esq.                vyermenko@LYlegal.net
19        Imran A. Rahman, Esq.               irahman@LYlegal.net
        Alex Hadjian, Esq.                   ahadjian@LYlegal.net
20        15303 Ventura Boulevard
        Suite 600                            *Attorneys for Plaintiff, Blana Vences*
21        Sherman Oaks, CA 91403

22

        I am readily familiar with the firm's practice of collection and processing correspondence for
mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with
23

postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
24

after date of deposit for mailing in affidavit.

25

        I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.

26

        Executed on March 13, 2023, at Los Angeles, California.

27

                                        _____
28                                              Denise R. Wasko Pena

92349135v.2

# NATIONWIDE
## LEGAL

**COURT INSTRUCTIONS**
PHONE (213) 249-9999
FAX (213) 249-9990



| LA373149 |
|:---:|

**025 - E-FILING**

| FIRM NAME: & ADDRESS: | CUST #: LA239 | COURT : |
|---|---|---|

SEYFARTH SHAW LLP / CC
2029 Century Park East Suite 3500
Los Angeles CA, 90067

PHONE #:(310) 277-7200
FAX #: (310) 282-6945

CONTACT: Denise Wasko-Peña EMAIL: dwasko@seyfarth.com
BILLING / FILE #: 066840-000533
DATE GENERATED #: 3/13/2023

**DUE DATE #: 3/13/2023**

OC/SANTA ANA SUPERIOR COURT
700 CIVIC CENTER DRIVE, SANTA ANA, CA 92702-0838
CASE# 30-2023-01306687-CU-WT-CJC
CASE TITLE: BLANCA VENCES, VS. THE HERTZ
CORPORATION and HERT

DOCUMENTS:  DEFENDANTS THE
HERTZCORPORATION AND
HERTZTRANSPORTING, INC.'S ANSWER
TOPLAINTIFF'S COMPLAINT

| STATUTE DATE: 3/13/2023 | HEARING DATE: | DEPT. | NLS DATE REC'D: 3/13/2023 |
|---|---|---|---|

- ☒ FILE / CONFORM
- ☐ FILE AND SERVE
- ☐ COURTESY COPY DELIVERY
- ☐ RECORD
- ☐ COURT RESEARCH
- ☐ CERTIFIED

- ☒ Advanced Fees $ .00
- ☒ Adv Fees approved by  870

SPECIAL INSTRUCTIONS

**E-file today and Advance First Appearance Fees for 2 Defendants $870 and Pdf client  e-file receipt.**

**REPORTS / COMMENTS:**

☐ **FILING SUBMITTED TO COURT ON** _____

☐ **REJECTED** _____

☐ **FILING CONFIRMED/REJECTED - SPOKE TO:** _____ **DATE:** _____

LA373149/WORKC



**Welcome** OCefile
Logout

Home        eFiling Center        Official Forms        Products        About Us        Support        Contact Us

| Step 1. Court Information | Step 2. Parties Information | Step 3. Attach Document | Step 4. EService | Step 5. Fee Information | Step 6. Payment Information | Step 7. Review Filing | Step 8. Confirm Submission |

**Vences vs. Hertz Transporting, Inc. : Civil - Unlimited : Wrongful Termination : Central Justice Center**

**Confirm Submission**

Thank you for using eFiling Portal's eFiling Service.

|  |  |
|---|---|
| Date: | 3/13/2023 |
| Time: | 2:10 PM |
| Filing disposition: | Received |
| Court Transaction Number: | 21284230 |
| Message: | This Electronic Filing has been received by the Court and has passed technical validations. |

Copyright © 2023 Nationwide Legal, LLC. All rights reserved.

# EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME:  Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Blanca Vences | |
| DEFENDANT: Hertz Transporting, Inc. et.al. | **Feb 10, 2023**<br>Clerk of the Superior Court<br>By: **K. TRENT,** Deputy |
| Short Title: VENCES VS. HERTZ TRANSPORTING, INC. | |

| NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>30-2023-01306687-CU-WT-CJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>07/10/2023</u> at  <u>09:00:00 AM</u> in Department <u>C20</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** VENCES VS. HERTZ TRANSPORTING, INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **30-2023-01306687-CU-WT-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 02/10/2023. Following standard court practice the mailing will occur at Sacramento, California on 02/14/2023.

Clerk of the Court, by: _____ , Deputy

LICATA & YEREMENKO A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD # 600
SHERMAN OAKS, CA 91403

**V3 1013a (June 2004)**                                   Code of Civil Procedure , § CCP1013(a)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 Civic Center Dr. West<br>MAILING ADDRESS: 700 Civic Center Dr. West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF/PETITIONER: Blanca Vences | |
| DEFENDANT/RESPONDENT: Hertz Transporting, Inc. | |
| SHORT TITLE: Blanca Vences vs. Hertz Transporting, Inc. | |
| **NOTICE OF CONTINUANCE** | CASE NUMBER:<br>30-2023-01306687-CU-WT-CJC |

Please be advised that:

The Case Management Conference in the above entitled action has been continued to 07/14/2023 at 09:00 AM in C20 of the above named court.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas. www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mớI nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị. www.occourts.org/media-relations/CoronaVirusUpdate.html

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92702 | |
|---|---|
| **SHORT TITLE:** Vences vs. Hertz Transporting, Inc. | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2023-01306687-CU-WT-CJC** |

I certify that I am not a party to this cause. I certify that the following document(s), Notice of Continuance, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on February 15, 2023, at 4:14:20 PM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LICATA & YEREMENKO A PROFESSIONAL LAW CORPORATION
AHADJIAN@LYLEGAL.NET

LICATA & YEREMENKO A PROFESSIONAL LAW CORPORATION
IRAHMAN@LYLEGAL.NET

LICATA & YEREMENKO A PROFESSIONAL LAW CORPORATION
VYEREMONKO@LYLEGAL.NET

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

February 17, 2023

Electronically Filed by Superior Court of California, County of Orange, 02/21/2023 03:32:00 PM. 30-2023-01306687-CU-WT-CJC - ROA # 71 - DAVID H. YAMASAKI, Clerk of the Court By e. elfington, Deputy Clerk. #:71

POS-010

Vadim Yeremenko, Esq. | SBN: 269804
LICATA & YEREMENKO
15303 Ventura Blvd. Suite 600    Sherman Oaks, CA 91403

TELEPHONE NO.: (818) 783-5757 | FAX NO. (818) 783-7710 | E-MAIL ADDRESS (Optional): mgiuffre@LYlegal.net
ATTORNEY FOR (Name): Plaintiff: BLANCA VENCES

**ORANGE COUNTY SUPERIOR COURT**

STREET ADDRESS: 700  CIVIC CENTER DRIVE WEST

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ANA, CA 92702-0838

BRANCH NAME: SANTA ANA

PLAINTIFF: BLANCA VENCES

DEFENDANT: HERTZ TRANSPORTING, et al

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>30-2023-01306687-CU-WT-CJC<br>Dept: C20 |
| | Ref. No. or File No.:<br>VENCES v. HERTZ |

*(Separate proof of service is required for each party served.)*

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **NOTICE OF HEARING- CASE MANAGEMENT CONFERENCE; Clerk's Certificate of Service by Mail;Notice of Continuance;CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**
3. a. Party served *(specify name of party as shown on documents served):*
   **THE HERTZ CORPORATION**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Sarai Marin - Authorized to Accept Service**

4. Address where the party was served:   **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203-2336**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **2/16/2023**   (2) at *(time):* **12:30 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

       (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

       (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

       (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*   **or** ☐ a declaration of mailing is attached.

       (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2

Code of Civil Procedure, § 417.10

POS010-1/CW460641

| PETITIONER: **BLANCA VENCES** | CASE NUMBER: |
|---|---|
| RESPONDENT: **HERTZ TRANSPORTING,et al** | **30-2023-01306687-CU-WT-CJC** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*              (2) *from  (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of  *(specify):* **THE HERTZ CORPORATION**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name:  **Ramiro U. Saucedo Jr. - Cal West Attorney Services, Inc**
  b. Address:  **1201 W. Temple Street  Los Angeles, CA 90026**
  c. Telephone number:  **(213) 353-9100**
  d. **The fee** for service was: **$ 42.50**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner    ☐ employee    ☑ independent contractor.
      (ii) Registration No.: **2021278531**
      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **2/17/2023**
    **Cal West Attorney Services, Inc**
    **1201 W. Temple Street**
    **Los Angeles, CA 90026**
    **(213) 353-9100**
    **www.calwest.info**

            **Ramiro U. Saucedo Jr.**     ▶   *Ramiro Saucedo*
            (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

February 17, 2023

Electronically Filed by Superior Court of California, County of Orange, 02/21/2023 03:34:00 PM.
30-2023-01306687-CU-WT-CJC - ROA # 13 - DAVID H. YAMASAKI, Clerk of the Court By e-filing user, Deputy Clerk.
#:73

**POS-010**

Vadim Yeremenko, Esq. | SBN: 269804
LICATA & YEREMENKO
15303 Ventura Blvd. Suite 600   Sherman Oaks, CA 91403

TELEPHONE NO.: (818) 783-5757 | FAX NO. (818) 783-7710 | E-MAIL ADDRESS (Optional): mgiuffre@LYlegal.net

ATTORNEY FOR (Name): Plaintiff: BLANCA VENCES

**ORANGE COUNTY SUPERIOR COURT**

STREET ADDRESS: 700  CIVIC CENTER DRIVE WEST

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ANA, CA 92702-0838

BRANCH NAME: SANTA ANA

PLAINTIFF: BLANCA VENCES

DEFENDANT: HERTZ TRANSPORTING, et al

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>VENCES v. HERTZ |

CASE NUMBER:
30-2023-01306687-CU-WT-CJC
Dept: C20

*(Separate proof of service is required for each party served.)*

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: NOTICE OF HEARING- CASE MANAGEMENT CONFERENCE; Clerk's Certificate of Service by Mail;Notice of Continuance;CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE
3. a. Party served *(specify name of party as shown on documents served)*:
   **HERTZ TRANSPORTING, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Sarai Marin - Authorized to Accept Service**

4. Address where the party was served: **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203-2336**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 2/16/2023   (2) at *(time):* 12:30 PM

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/CW460640

| PETITIONER: BLANCA VENCES | CASE NUMBER: |
|---|---|
| RESPONDENT: HERTZ TRANSPORTING, et al | 30-2023-01306687-CU-WT-CJC |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                   (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **HERTZ TRANSPORTING, INC.**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                      ☐ other:

7. **Person who served papers**

a. Name: **Ramiro U. Saucedo Jr. - Cal West Attorney Services, Inc**

b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**

c. Telephone number: **(213) 353-9100**

d. **The fee** for service was: **$ 85.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:
(i) ☐ owner   ☐ employee   ☑ independent contractor.
(ii) Registration No.: **2021278531**
(iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **2/17/2023**

**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**
**www.calwest.info**

_____
**Ramiro U. Saucedo Jr.**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Ramiro Saucedo*

POS-010 [Rev January 1, 2007]                **PROOF OF SERVICE OF SUMMONS**                Page 2 of 2

POS-010/CW460640